

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 11, 1966

Honorable James A. Evans
County Attorney
Lavaca County
Hallettsville, Texas

Dear Mr. Evans:

Opinion No. C-651

Re: Whether a constable who
refuses to physically
appear at the scene of
traffic accidents is
neglecting a duty of
his office.

In your opinion request you state that there is a
constable who has given public notice that he will no
longer work any traffic accidents in his jurisdiction.
Your question: Is the constable neglecting a duty of his
office? The answer to this question is no. The publica-
tion of such a notice is not a neglect of his duty of office;
however, Article 6885 of Vernon's Civil Statutes provides:

"Each constable shall execute and return
according to law all process, warrants and
precepts to him directed and delivered by any
lawful officer, attend upon all justice courts
held in his precinct and perform all such other
duties as may be required of him by law."
(Emphasis added.)

Article 2.13 of the 1966 Code of Criminal Procedure
provides:

"It is the duty of every peace officer to
preserve the peace within his jurisdiction.
To effect this purpose, he shall use all law-
ful means. He shall in every case where he
is authorized by the provisions of this Code,
interfere without warrant to prevent or sup-
press crime. He shall execute all lawful
process issued to him by any magistrate or
court. He shall give notice to some magis-
trate of all offenses committed within his
jurisdiction, where he has good reason to
believe there has been a violation of the
penal law. He shall arrest offenders with-
out warrant in every case where he is au-
thorized by law, in order that they may be

taken before the proper magistrate or court and be tried." (Emphasis added.)

When reading the last part of Article 6885, Vernon's Civil Statutes, together with Article 2.13, 1966 Code of Criminal Procedure, it seems clear that the constable does have a duty to work traffic accidents, when he has good reason to believe that there has been a violation of the penal law involved in such accidents, which occur within his jurisdiction. Therefore, it is the opinion of this office that while the mere publication of an intention not to work traffic accidents within his jurisdiction would not be a neglect of a constable's duty of office, his actual refusal to investigate such an accident, when he has good reason to believe that there has been a violation of the penal law, would be a neglect of his duty of office.

## SUMMARY

The publication of a notice of intention that a constable will no longer work any traffic accidents in his jurisdiction is not a neglect of a constable's duty of office. A constable's refusal to work a traffic accident where he has good reason to believe there has been a violation of the penal law involved in such accident is a neglect of a constable's duty of office.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Charles Swanner
Larry Craddock
John Banks
Howard Fender

Honorable James A. Evans, Page 3 (C-651)

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright